RAMÓN MONTANER, MANAGER, ETC., Petitioner, *v.* THE INDUS-TRIAL COMMISSION OF PUERTO RICO, ET AL., Respondents.

No. 23.   Argued February 21, 1938.—Decided May 13, 1938.

B. *Fernández García, Attorney General, Emilio de Aldrey, M. Ro-dríguez Ramos, Assistant Attorney General,* and *L. Negrón Fer-nández* for petitioner.   *Virgilio Brunet* for respondents petitioners before the Industrial Commission.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

The fundamental question involved in this proceeding filed by the Manager of the State Fund against the Industrial Commission of Puerto Rico, is whether or not the commission is authorized to render a provisional decision ordering a reduction in the rate of insurance fixed by the manager pending the consideration and decision of an appeal taken before it requesting such reduction.

For the year 1937–38 the Manager of the State Fund, in the exercise of the authority granted to him by law, fixed a rate of 5.85 per cent to class 0030, workers engaged in the cultivation of sugar cane, which rate represents an increase of 47 per cent over the one fixed for the preceding year.

Several employers appealed from the manager's decision to the Industrial Commission which, in view of the evidence presented before it on July 22, 23, and 24, 1937, and of the data produced by the manager, decided to reduce provisionally the rate fixed by the manager for the year 1937–38 to that in force during the year 1936–37, until such time as the appeals should be heard on their merits and the question finally decided, and further provided that the appellants

should furnish a bond for the amount necessary to cover the difference which might result between the provisional rate and the one which the manager might fix definitely by order of the commission.

The employer in this particular case which has been submitted to us for review then appealed to the commission, presenting a situation similar to that which it had already studied and decided, and the commission, without awaiting the answer of the manager, adopted the same provisional measure.

In our opinion the question of whether or not it was authorized to do so depends entirely upon the terms of the statute creating it which is Act 45 of 1935 (Session Laws, p. 250).

Section 24 of the act, insofar as pertinent, reads as follows:

"The decisions of the Manager, fixing and regulating the premium rates for each group of occupations or industries, and the rate classification to govern each group or industry in particular, or any order increasing the premium rate for a certain employer, as provided in the preceding Section, may be reviewed by the Industrial Commission of Puerto Rico in the following manner:

"1. The employer affected may file with the Industrial Commission of Puerto Rico, at any time during the year in which the Manager's decisions are to be effective, a petition for review by said Commission of the decisions rendered by the Manager in regard to rates or premiums for one or more occupations or industries, giving the reasons why said rates or premiums should be amended; and the Manager shall be required to appear and answer said petition within a term of ten (10) days. The Commission shall give preference to the case over all other cases on the calendar, and shall proceed to render a final decision in accordance with such rules as said Commission may have promulgated.

"2. The review referred to in the foregoing paragraph shall in no way suspend the collection of the premiums or the effects of any other provision of this Act; nor shall the courts issue writs of injunction enjoining the collection of said premiums or taxes while the case is under review.

"3. In case the decision of the Commission is in the sense of reducing the rate or premium that the Manager has fixed for any class of occupation or industry, neither the Manager of the State Fund nor the Treasurer of Puerto Rico shall, in any case, be ordered to return the excess paid in premiums or taxes, but such excess, computed from the date of the filing of the petition, shall be deducted from the premiums or taxes to be collected in the future from the employers filing the petitions.

"4. In case any classification is modified by an order or decree of the Commission, as herein provided, the Manager shall compute new rates, premiums, or taxes in the manner determined by the Commission for all such employers as have workmen or employees within the challenged classification or classifications; *Provided*, That said rates, premiums, or taxes shall be computed from the date on which the petition for review was filed with the Commission and shall govern only to the end of the fiscal year to which said classification or classifications pertained.

" *     *     *     *     *     *     * "

There is not the slightest doubt, then, that the commission in deciding the appeal is authorized to reduce the rate fixed by the manager. The act says nothing as to whether or not it is authorized to adopt a provisional measure, and in the absence of citations of cases or of specific precedents to the contrary, it seems to us that, applying the general rule that the whole includes its parts, such authority exists. See the cases of *Montaner v. Industrial Commission,* 51 P.R.R. 446, and *Montaner v. Industrial Commission* 52 P.R.R. 799.

If the commission is convinced at the preliminary hearing that there is a strong probability that the reduction or some reduction will have to be granted, the ends of justice seem to demand that it act as quickly as possible, and if it does as it did in this case, fixing the previous rate and securing the payment of the reduction by a bond, we see nothing illegal in its action.

The manager and petitioner insists that the procedure followed by the commission is in violation of paragraph 2

of section 24 of the Act. We do not agree, although we recognize that the argument is not groundless.

The provisional measure of the commission did not suspend the collection of the premiums. It might be maintained that if it did not suspend it entirely it did so in part. That is why we said that the position of the appellant is not ground-less. But in our opinion, the legal provision cited is not an unsurmountable barrier. It is not such when strictly construed according to its spirit. The commission supervises. the acts of the manager. And if the commission is convinced. in principle of the justice of a claim which affects thousands of persons on the Island, it should not be constrained to delay the adoption of some corrective measure provided that in doing so it guarantees all of the interests involved.

As to the fact that no evidence was heard in this concrete case, and that the answer of the manager was not awaited, inasmuch as the situation was necessarily the same as that already considered and decided after these requisites had been met, since the rates fixed by the manager are uniform in every class, we do not believe that the commission used its authority in such a way as to permit us to conclude that it abused it.

The petition for review must be denied.